# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA (TUSCALOOSA)

| | |
|---|---|
| Dawn Benton, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Wells Fargo Bank, N.A., a foreign corporation, | **JURY TRIAL DEMAND** |
| Defendant. | |

NOW COMES THE PLAINTIFF, DAWN BENTON, BY AND THROUGH COUNSEL, MATTHEW LANDREAU, ESQ., and for her Complaint against the Defendant, pleads as follows:

## **JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

1

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Reform, Pickens County, Alabama.

4. Venue is proper in the Northern District of Alabama.

## PARTIES

5. Plaintiff is a natural person residing in City of Reform, Pickens County, Alabama.

6. The Defendant to this lawsuit is Wells Fargo Bank, N.A. ("Wells Fargo") which is a foreign corporation that conducts business in the state of Alabama.

## GENERAL ALLEGATIONS

7. Wells Fargo is inaccurately reporting its tradeline ("Errant Tradeline") with an erroneous scheduled monthly payment amount of $281.00 on Plaintiff's Equifax credit disclosure.

8. The account reflected by the Errant Tradeline was charged off and closed by Wells Fargo. Plaintiff no longer has an obligation to make monthly payments to Wells Fargo. Defendant closed the account and accelerated the balance due. Hence, the entire balance is due presently with no payment plan in place.

9. The Errant Tradeline should be reported by Wells Fargo with a monthly payment of $0.00. Per credit reporting industry standard and the Credit

Reporting Resource Guide, which is the credit reporting manual created by the three major credit bureaus, no furnisher may report a monthly payment on a closed account.

10. On August 8, 2018, Plaintiff obtained her Equifax credit disclosure and noticed the Errant Tradeline inaccurately reporting with an erroneous monthly payment amount.

11. On or about September 21, 2018, Plaintiff submitted a letter to Equifax, disputing the Errant Tradeline.

12. In her dispute letter, Plaintiff explained that the account reflected by the Errant Tradeline was charged off and closed by Wells Fargo. Plaintiff no longer has an obligation to make monthly payments Wells Fargo. Plaintiff asked Equifax to report the Errant Tradeline with the monthly payment amount of $0.00.

13. Equifax forwarded Plaintiff's consumer dispute to Wells Fargo.

14. Wells Fargo received Plaintiff's consumer dispute from Equifax.

15. Wells Fargo did not consult the Credit Reporting Resource Guide as part of its investigation of Plaintiff's dispute.

16. In response to Plaintiff's dispute, Wells Fargo verified to Equifax that its reporting of its Errant Tradeline was accurate.

17. Plaintiff had not received Equifax's investigation results. Therefore, on November 11, 2018, Plaintiff obtained her Equifax credit disclosure, which

showed that Wells Fargo failed or refused to report the scheduled monthly payment as $0.00 on the Errant Tradeline.

18. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WELLS FARGO

19. Plaintiff realleges the above paragraphs as if recited verbatim.

20. After being informed by Equifax of Plaintiff's consumer dispute of the scheduled monthly payment amount, Wells Fargo negligently failed to conduct a proper reinvestigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

21. Wells Fargo negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax to report the Errant Tradeline with a $0.00 monthly payment amount.

22. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Equifax, to which it is reporting such tradeline.

23. As a direct and proximate cause of Wells Fargo's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

24. Wells Fargo is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

25. Plaintiff has a private right of action to assert claims against Wells Fargo arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Wells Fargo for damages, costs, interest, and attorneys' fees.

## COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WELLS FARGO**

26. Plaintiff realleges the above paragraphs as if recited verbatim.

27. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Wells Fargo willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax to report the Errant Tradeline with a $0.00 monthly payment amount.

28. Wells Fargo willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

29. As a direct and proximate cause of Wells Fargo's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

30. Wells Fargo is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Wells Fargo for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: April 28, 2020

                                    By: */s/ **Matthew Landreau***
                                    Matthew Landreau, Esq.
                                    AL Bar No. LAN079
                                    Credit Repair Lawyers of America
                                    22142 West Nine Mile Rd
                                    Southfield, MI 48033
                                    Telephone: (248) 353-2882
                                    Fax: (248) 353-4840
                                    Email: matt@crlam.com
*Attorneys for Plaintiff,*
*Dawn Benton*